# Holland & Knight

31 West 52nd Street | New York, NY 10019 | T 212.513.3200 | F 212.385.9010
Holland & Knight LLP | www.hklaw.com



November 26, 2014

James H. Hohenstein
(212) 513-3213
jim.hohenstein@hklaw.com

**BY HAND**

Honorable Loretta A. Preska
Chief United States District Judge
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1320
New York, New York 10007



     Re:    *UPT Pool Ltd. v. Dynamic Oil Trading (Singapore) Pte. Ltd., et al.,*
             U.S.D.C., S.D.N.Y., Docket No. 14 Civ. 9262 (VEC)

             *Birch Shipping Ltd. v. O.W. Bunker China Ltd. (HK), et al.,*
             U.S.D.C., S.D.N.Y., Docket No. 14 Civ. 9282 (CM)

             *Clearlake Shipping Pte Ltd. v. O.W. Bunker (Switzerland) SA, et al.,*
             U.S.D.C., S.D.N.Y., Docket No. 14 Civ. 9286 (PAC)

             *Clearlake Shipping Pte Ltd. v. O.W. Bunker (Switzerland) SA, et al.,*
             U.S.D.C., S.D.N.Y., Docket No. 14 Civ. 9287 (WHP)

Dear Chief Judge Preska:

      We are attorneys for the Interpleader-Plaintiffs in the above listed interpleader actions filed in this Court commencing on November 20, 2014. Counsel of record in the actions include James H. Hohenstein, the undersigned counsel, as well as my Holland & Knight LLP partner, James H. Power. In addition, we represent various vessel-owning and operating clients who have sought Holland & Knight's advice in regard to possibly filing similar actions as those listed above.

Honorable Loretta A. Preska
Chief United States District Judge
United States District Court
Southern District of New York
November 26, 2014
Page - 2 -

On November 7, 2014 O.W. Bunker AS and certain of its Danish subsidiaries and affiliates filed for bankruptcy in their home jurisdiction of Denmark. On November 13, 2014, O.W. Bunker USA Inc., O.W. Bunker North America Inc., O.W. Bunker Holding North America Inc. all filed voluntary petitions pursuant to chapter 11 of the U.S. Bankruptcy Code in the United States Bankruptcy Court for the District of Connecticut as Case Nos. 14-51720, 14-51721 and 14-51722. We shall refer to these entities, together with a number of non-U.S. subsidiaries and affiliates, as the "O.W. Bunker Group."

Prior to these filings, the O.W. Bunker Group, according to the trade press, supplied bunkers (fuel oil) to 7% of the world's vessels. As also reported in the trade press, due to an alleged massive fraud, the O.W. Bunker Group suddenly collapsed earlier this month.

These filing have caused a number of creditors to attempt to secure their claims for unpaid bunkers and fuel oil under U.S. law pursuant to the O.W. Bunker Group's standard Terms and Conditions for sale of Maritime Bunkers. These terms provide for a maritime lien on the subject vessel for the provision of "necessaries" to a vessel pursuant to the Maritime Lien and Commercial Instruments Act (formerly the Federal Maritime Lien Act), 46 U.S.C. §31341(a). The O.W. Bunker Group terms also select the Southern District of New York as the location for dispute resolution of maritime lien claims and vessel arrests.

In many cases, a foreign member of the O.W. Bunker Group will contract with a local supplier in a U.S. or foreign port to arrange for the physical supply of the bunker fuel. In some circumstances, the physical suppliers of the bunkers also incorporate terms in their contracts with the O.W. Bunker Group which provide for the application of U.S. law to the issue of whether the physical supplier has a maritime lien.

We are also advised that pursuant to an Omnibus Security Agreement dated December 19, 2013 between O.W. Bunker AS and certain of its subsidiaries and ING Bank N.V. ("ING") as Security Agent, O.W. Bunker Group has allegedly assigned certain rights with respect to their supply contracts as security to ING. Following the O.W. Bunker Group collapse, we understand that ING has sent notices to numerous customers of O.W. Bunker Group demanding payment of outstanding balances owed.

As a response to competing claims to payments owed under the bunker supply contracts, and threats to arrest vessels in U.S. ports to enforce the maritime lien claims of the contractual suppliers, physical suppliers and ING as an assignee of O.W. Bunker Group's rights, various ship owners and time-chartered owners have sought to interplead amounts owed to avoid inequitable double liability.

Honorable Loretta A. Preska
Chief United States District Judge
United States District Court
Southern District of New York
November 26, 2014
Page - 3 -

In one of those cases, *Birch Shipping Ltd. v. O.W. Bunker China Ltd. (HK), et al*, No. 14-cv-9282, Judge Castel (sitting as the Part I judge) granted an *ex parte* order pursuant to 28 U.S.C. § 2361 restraining the arrest of the relevant vessel upon deposit of the interpleaded funds into the Court registry. Upon motion of a non-OWB Bunker Group claimant seeking to arrest the vessel, on November 24th Judge Castel modified his order so as to permit the arrest of the vessel in the Eastern District of Louisiana, but ordered that the sum deposited in the Registry shall be taken into account when setting substitute security for the release of the vessel under Supplemental Admiralty Rule E(5). As we understand, Judge Castel's concern was to preserve the *in rem* rights of the claimant notwithstanding the interpleader action.

In *Clearlake Shipping Pte Ltd. v. O.W. Bunker (Switzerland) SA, et al*, No. 14-cv-9287, Judge Pauley also issued an *ex parte* order restraining the arrest of the two relevant vessels. As a result of a hearing by telephone on November 25th, that order was vacated, and the deposited funds are to be returned to the interpleader-plaintiff due to Judge Pauley's concerns that the action might be in violation of the automatic stay of the District of Connecticut Bankruptcy Court pursuant to Chapter 11. While our firm has researched this issue and do not believe that an interpleader action violates the Bankruptcy Court's automatic stay with respect to the U.S. debtors, we nonetheless recognize that this may be an unclear point of law and plan to seek appropriate relief before the Bankruptcy Court in Connecticut.

We note that Judge Caproni was assigned to the first-filed action of this nature and also issued an order restraining the arrest of the relevant vessel in *UPT Pool Ltd. v. Dynamic Oil Trading (Singapore) Pte. Ltd., et al*, No. 14-cv-9262. During counsel's discussion on the record at the application hearing counsel suggested and Judge Caproni acknowledged that it might be prudent to write this letter to request guidance from Your Honor as to an orderly way of hearing the numerous actions which may be forthcoming by vessel interests, either after a vessel arrest has been made, or upon the filing of a pre-emptive interpleader to avoid such arrest. At yesterday's hearing, Judge Pauley expressed similar sentiments that there was a compelling need for a coordination of these proceedings and those which have yet to be filed.

While we have considered making a request to consolidate the already filed interpleader actions, as well as the option of marking future filings as related cases, we would be grateful for this Court's guidance as to how to proceed in order to promote an efficient resolution of these matters and to avoid conflicting decisions with respect to procedural issues as well as the maritime lien rights of contractual and physical suppliers of necessaries to the subject vessels as well as other parties with an interest in the subject matter of the actions. While the claimants will differ in each action, each interpleader complaint concerning the O.W. Bunker Group situation will address similar legal issues and will in almost all cases concern at least some common claimants and identical contractual terms.

Honorable Loretta A. Preska
Chief United States District Judge
United States District Court
Southern District of New York
November 26, 2014
Page - 4 -

      We thank the Court in advance for the consideration of these issues and are of course available for a conference to address these matters further.

      Respectfully Submitted,

      HOLLAND & KNIGHT LLP

      */s/ James H. Hohenstein*
      James H. Hohenstein

cc:    Honorable Valerie E. Caproni (via hand delivery)
       Honorable Colleen McMahon (via hand delivery)
       Honorable Kevin P. Castel (via hand delivery)
       Honorable Paul A. Crotty (via hand delivery)
       Honorable William H. Pauley III (via hand delivery)

       All counsel of record and counsel for all notified claimants (via email)

*[Handwritten:]* The cases shall be transferred to Judge Caproni.

*/s/ Loretta A. Preska*
LORETTA A. PRESKA
UNITED STATES DISTRICT JUDGE

December 1, 2014

#34132633_v1