# SEWARD & KISSEL LLP

ONE BATTERY PLAZA
NEW YORK, NEW YORK 10004

BRUCE G. PAULSEN
PARTNER
(212) 574-1533
paulsen@sewkis.com

TELEPHONE: (212) 574-1200
FACSIMILE: (212) 480-8421
WWW.SEWKIS.COM

901 K STREET, NW
WASHINGTON, DC 20001
TELEPHONE: (202) 737-8833
FACSIMILE: (202) 737-5184

June 16, 2015

**VIA ECF**

Honorable Valerie E. Caproni
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

   *Re: O.W. Bunker-Related Interpleader Actions (See Schedule 1)*

Dear Judge Caproni:

   We represent ING Bank N.V., as Security Agent ("ING Bank") in reference to the O.W. Bunker-related interpleader actions (the "Actions") set forth on Schedule 1 to this letter, and make this joint submission with the undersigned parties (the "Parties") pursuant to the Court's April 17, 2015 and April 29, 2015 Orders and in advance of the omnibus conference scheduled for June 19, 2015 at 2:00 p.m.[1]

**Procedural Background**

   By letter dated April 16, 2015, Debtors O.W. Bunker Holding North America Inc., O.W. Bunker North America Inc., and O.W. Bunker USA Inc. (collectively the "Debtors") applied for, *inter alia*, an omnibus conference to address the overlapping factual and legal issues posed by the Actions. By order dated April 17, 2015 (the "April 17 Order"), the Debtors' application was granted. The April 17 Order (Doc. # 61 in 14-cv-9262) is attached as Exhibit 1.

   In the April 17 Order, the Court scheduled an omnibus interpleader conference for May 13, 2015, and the parties in the related Actions were directed to file one joint submission addressing: (1) the proposed deadlines for discovery and any dispositive motions; (2) the parties' positions as to the utility of appointing "lead counsel" for administrative purposes for the vessel

---

[1] This submission was compiled from comments from all of the Parties to these related actions. Comments were solicited from the Parties and such Parties' positions were recorded verbatim into this joint submission for the Court's consideration. ING Bank, together with the other Parties to these Actions, reserve all rights, claims, objections and defenses whatsoever with respect to the Parties' respective positions.

Hon. Valerie E. Caproni
June 16, 2015
Page 2

interests and fuel suppliers and (3) any other issue applicable to all or most cases that would be amenable to joint discussion and resolution.

   Subsequently, by letter dated April 28, 2015, the Debtors and ING Bank requested, *inter alia*, that the omnibus interpleader conference be adjourned from May 13, 2015 for a period of at least 30 days (through and including at least June 19, 2015) in order to provide the Debtors, ING Bank, NuStar Energy Services, Inc. ("NuStar"), and the Official Committee of Unsecured Creditors (collectively, the "Mediation Parties") with the time and resources necessary to continue to seek a consensual bankruptcy plan with the assistance of the mediator in the bankruptcy court-ordered mediation (the "Mediation"), and requested that all interim deadlines be adjourned so as to avoid the need to devote resources toward requesting and negotiating piecemeal extensions of time. By Order dated April 29, 2015 (the "April 29 Order"), the Debtors' and ING Bank's application was granted. The April 29 Order (Doc. # 64 in 14-cv-9262) is attached as Exhibit 2.

   In the April 29 Order, the omnibus conference previously scheduled for May 13, 2015 was adjourned to June 19, 2015 at 2:00 p.m., and the deadline for the parties' joint pre-conference submission was adjourned to June 16, 2015. All interim deadlines in the related Actions were adjourned *sine die*, and the request of certain Plaintiffs' counsel that the period of time from the entry of the April 29, 2015 Order until June 19, 2015 be deemed a tolling period with respect to Plaintiffs' obligation to deposit additional interest upon the one year anniversary of their initial deposit of funds was denied without prejudice. Finally, nothing in the April 29 Order prevented the filing of additional interpleader actions before the Court. Since that time, additional Actions have been filed and related before this Court.

   By letter dated June 3, 2015, the Debtors and ING requested a further adjournment of the omnibus conference and corresponding joint letter submission deadline to dates toward the end of July, in light of the Debtors' continuing effort to reach a consensual bankruptcy plan and because the bankruptcy court had adjourned the hearing concerning the Venue Transfer Motion and the Settlement Motion (as defined in the Debtors' and ING Bank's June 3, 2015 letter) until June 17, 2015.[2]

   By letter dated June 4, 2015, NuStar opposed the adjournment. In addition, by letter dated June 5, 2015 O'Rourke Marine Services L.P., L.L.P. ("OMS") also objected to a further adjournment of its case or the other pending Actions. By Order dated June 9, 2015, the Debtors' and ING Bank's application was denied. The June 9 Order (Doc. # 66 in 14-cv-9262) is attached as Exhibit 3.

**Joint Submission**

   Accordingly, in line with the April 17 Order, the April 29 Order and the June 9 Order, we have sought the input of all counsel of record in the Actions and have received the Parties' respective positions, which are set forth below. As noted, each of the following sections

---

[2] The bankruptcy court has since adjourned that hearing until July 15, 2015.

Hon. Valerie E. Caproni
June 16, 2015
Page 3

was submitted by the respective Parties below and is that party's own submission, presented verbatim.

***The Debtors (O.W. Bunker Holding North America Inc., O.W. Bunker North America Inc., and O.W. Bunker USA Inc.)***

As previously reported to Your Honor by letters dated April 16, 2015, April 28, 2015, and May 15, 2015, the Debtors, the Committee, and the Debtors' two largest creditors – ING Bank N.V. and NuStar – participated in several bankruptcy court-ordered mediation sessions and the mediation parties are continuing efforts to develop a consensual bankruptcy plan.  The consensual bankruptcy plan may resolve some of the issues pending before Your Honor as they relate to the Debtors and their creditors.  Most recently, the bankruptcy court entered an Order on June 15, 2015 adjourning the hearing on the pending motions to transfer venue and proposed settlement agreement until July 15, 2015.  As such, the Debtors respectfully request that Your Honor allow the Debtors and the other mediation parties to continue to focus their efforts and resources on the development of a consensual bankruptcy plan without the need to simultaneously litigate these twenty-four (24) interpleader proceedings by staying these interpleader proceedings and all related deadlines *sine die*.

Notwithstanding the above, the Debtors believe that in the interests of judicial economy certain threshold jurisdictional issues – which were the subject of Your Honor's Orders dated December 19, 2014, December 31, 2014, and February 20, 2015, subsequent briefs by the parties, and an appeal to the Second Circuit that remains pending – should be determined before any parties incur any further costs and expenses associated with discovery and dispositive motions.  As such, the Debtors respectfully request that Your Honor stay these proceedings at least until the threshold jurisdictional issues are fully and finally determined.

In the event that Your Honor desires to set deadlines for discovery and dispositive motions, the Debtors request, pursuant to the Local Rules and Your Honor's individual practices, sixty (60) days to conduct a global initial case management conference and an opportunity to develop a global proposed case management plan and scheduling order.

The Debtors have distinct obligations with respect to their creditors in their Bankruptcy Proceedings and, therefore, distinct positions with respect to many of the material issues of fact and law in these interpleader proceedings.  As such, the Debtors do not believe that their interests could be adequately represented by the appointment of "lead counsel."

***ING Bank N.V., as Security Agent***

1.  *Proposed Deadlines for Discovery and Dispositive Motions:* ING Bank states that in light of the Debtors' and the mediation parties' continuing effort to reach a consensual bankruptcy plan, the outstanding briefing on threshold jurisdictional issues, and the related Second Circuit appeal, a further stay and adjournment of all deadlines in these matters *sine die* is warranted at least until the end of July.

Hon. Valerie E. Caproni
June 16, 2015
Page 4

Among other things, some later filed Actions that have been more recently commenced are still at the pleadings stage.  Others have been transferred to the Southern District of New York from other jurisdictions. Should these matters proceed, ING Bank supports administrative consolidation of these related actions for pretrial purposes, including entry of a global civil case management plan and scheduling order for these related Actions ("Global Scheduling Order") in order to streamline and coordinate deadlines in the matters set forth on Schedule 1.

ING Bank respectfully proposes that the parties meet and confer with respect to entry of a Global Scheduling Order to settle on an acceptable and achievable schedule for the completion of pleadings and commencement of discovery in these matters, including to set dates for interim deadlines that were adjourned *sine die* in April, to be submitted no later than August 7, 2015.

2.  *Utility of Appointing "Lead Counsel" for Administrative Purposes:*  ING Bank takes no position as to the utility of appointing lead counsel for the vessel interests or fuel suppliers in these related actions.

3.  *Other Issues:* ING Bank opposes the proposals made by fuel suppliers to seek early motions for summary judgment and shortened fact discovery deadlines, and similarly opposes the Vessel Interests' requests for an early motion for discharge.  The parties' respective *in rem* and *in personam* claims must be tested by discovery prior to any dispositive motions practice and ING Bank would seek a common dispositive motions schedule upon the completion of a global coordinated discovery period, in order to resolve legal issues common to these matters.  Counsel for ING Bank is presently considering whether the schedule for application to the MDL panel lends itself to productive use in these related Actions but has not yet concluded that the benefits of that process outweigh the potential costs.

### O.W. Bunker Germany GmbH

1.  *Proposed Deadlines for Discovery and Dispositive Motions:* With respect to the proposed deadlines for discovery and dispositive motions, OW Germany respectfully submits that coordination of discovery efforts will require a period of no less than 6 months, whether or not discovery is formally consolidated.  Should these matters proceed without further adjournment so that the parties can confer on a Global Scheduling Order (as proposed above by ING Bank), OW Germany proposes that fact discovery in all related cases be completed no later than December 18, 2015 and expert discovery in all related cases be completed no later than January 29, 2016.

With respect to dispositive motions, and consistent with its position in action 14-cv-10027 (Dkt. # 51), OW Germany respectfully requests that all pending motions for summary judgment be denied *without prejudice to renewal upon the completion of fact discovery* in accordance with Section 3(G)(i) of the Court's Individual Rules of Practice.  OW Germany also opposes Vessel Interests' request that they be allowed to move for discharges of liability prior to the completion of discovery.

Hon. Valerie E. Caproni
June 16, 2015
Page 5

OW Germany requests leave to file its own motions for summary judgment upon completion of discovery in actions 14-cv-9542, 14-cv-9949, 14-cv-10027, and 15-cv-190, and proposes the following dispositive motions deadlines for all related cases if no further adjournment is granted and the Court adopts the discovery dates proposed above: Motions due by February 12, 2016; responses due by March 4, 2016; and replies due by March 18, 2016.

2. *Utility of Appointing "Lead Counsel" for Administrative Purposes:*  OW Germany opposes the appointment of lead counsel for fuel suppliers, but takes no position on a similar appointment for vessel interests.

3. *Other Issues:* As the Court's April 29 Order adjourned *sine die* all deadlines, including the defendants' deadlines to answer, OW Germany respectfully requests leave to file its answers within 30 days following the entry of a case management order that is applicable for actions 14-cv-9542, 14-cv-9949, 14-cv-10027, and 15-cv-190.

## Vessel Interests[3]

1. *Proposed Deadlines for Discovery and Dispositive Motions:* For the reasons to be discussed under their submission as to Question #3, Vessel Interests submit that such deadlines are premature given the posture of these cases.

2. *Utility of Appointing "Lead Counsel" for Administrative Purposes:* Vessel Interests submit that the formal appointment of "lead" counsel is not necessary since each case has its own issues and will proceed accordingly.  This should especially be the case once the preliminary issues are addressed and the Court can turn to the particular aspects of each case. Moreover, all counsel for Vessel Interests are in communication and a continuous dialogue has been maintained.  However, to the extent that Your Honor believes a lead counsel will be helpful to the Court, Holland & Knight is willing to serve.

3. *Other Issues:* Vessel Interests submit the following issues should be considered by the Court at the omnibus hearing:

A.  Given the completion of the briefing, we respectfully request that the Court rule on the jurisdictional issues before it.

B.  Once that ruling is made (and all necessary parties have been served in the particular action), the respective Vessel Interests should be allowed to move for a discharge from

---

[3] The "Vessel Interests" consist of the following parties: 1372 Tanker Corporation, OSG Ship Management, Inc., SK Shipping Co., Ltd., and SK B&T Pte. Ltd. (represented by Burke & Parsons); Canpotex Shipping Services Ltd., COSCO Piraeus Maritime, Ltd., and Hapag-Lloyd Aktiengesellschaft (represented by Freehill Hogan & Mahar LLP); Exmar Shipping BVBA (represented by Chalos & Co. P.C.); APL Co. Pte Ltd., American President Lines, Ltd., Baere Maritime LLC, Birch Shipping Ltd., Bonny Gas Transport Limited, Cabu VI Investments, Inc., Cabu Chartering AS, Clearlake Shipping Pte Ltd., Conti 149 Conti Guinea, MT Cape Bird Tankschiffahrts GmbH & Co KG, Nippon Kaisha Line Limited, NYK Bulk & Project Carrier Ltd, Sigma Tankers Inc, Star Tankers Inc, and UPT Pool Ltd. (represented by Holland & Knight LLP); SHV Gas Supply & Risk Management SAS, Kawasaki Kisen Kaisha, LTD and Catalina Shipping SA (represented by Reed Smith LLP); and MSC Mediterranean Shipping Company S.A. (represented by Sheppard Mullin Richter & Hampton LLP).

Hon. Valerie E. Caproni
June 16, 2015
Page 6

the interpleader litigation. Concerning the discovery pertaining to the claims of the claimants *inter se*, such discovery should not commence until after such motions have been decided. Certainly if a discharge is obtained, the respective Vessel Interest will comply with discovery requests (such as could be propounded on a non-party).

C. Subsequent to the discharge, the Court should then entertain Vessel Interests' applications for attorneys' fees pertaining to these litigations (to be paid out of the interpleaded funds).

D. As the only party that is involved in every case, ING should be encouraged to invoke the procedures for Multi-District Litigation so as to bring to this Court the various related litigations pending in other U.S. District Courts.

### *Fuel Suppliers*

#### (1) NuStar Energy Services, Inc. ("NuStar")

1. *Proposed Deadlines for Discovery and Dispositive Motions*: NuStar may seek leave to move for partial summary judgment on its maritime lien or other claims at its earliest opportunity. In NuStar's view, a 90-day (or similarly modest) discovery period should suffice. NuStar agrees with the other parties who have stated the position that it would assist the process if the Court would rule on the jurisdictional issues which have been briefed. However, without prejudice to its positions taken in these matters to date (particularly, that NuStar does not object to the Court's exercise of *in rem* jurisdiction provided Vessel Owners stipulate to same and the treatment of the interplead funds as the substitute *res*), NuStar does not consider that the proceedings on the merits should be further delayed in the meantime.

2. *Utility of Appointing "Lead Counsel" for Administrative Purposes:* NuStar does not believe the appointment of "lead counsel" on behalf the direct suppliers is necessary or appropriate. NuStar's interests differ in material respects from those of many of the other physical fuel suppliers and, in any event, each vessel bunkering transaction involves a unique set of parties and facts.

3. *Other Issues:* Apart from scheduling and logistics, NuStar does not consider there are any additional issues which would benefit from joint discussion and resolution.

#### (2) O'Rourke Marine Services L.P., L.L.P. ("OMS")

1. *Proposed Deadlines for Discovery and Dispositive Motions*: *Case 1:14-cv-10027-VEC, Hapag-Lloyd v. O'Rourke Marine Services:* OMS' action has been pending for over 6 months, since December 19, 2014. OMS' summary judgment motion has been pending over 60 days, since March 27, 2014. Each of the parties now has been in the case for some time with opportunity to initiate discovery and also to consider response to OMS' summary judgment motion (including with the benefit, of additional time while this Court stayed response deadlines, pending the 19th's omnibus conference.

Hon. Valerie E. Caproni
June 16, 2015
Page 7

Specifically, ING appeared in this action on January 14, 2015 (Docket No. 23). OW-US on April 10, 2015 stipulated with Hapag-Lloyd to extend its answer time to May 13, 2015 (Docket No. 59, with no further extensions granted on the record).  OW-Germany appeared in this action May 13, 2015 (Docket No. 70).

The $276,224.39 principal amount is significant to OMS, a relatively small company.  OMS' action is distinct and should not be further delayed or depend on the schedule of any other action.

This Court accordingly should require a response to OMS' pending summary judgment motion, within 20 days of the June 19th conference date (Thursday, July 9, 2015).

OMS filed its summary judgment motion (the first of any in the "interpleader" actions) consistent with Fed. R. Civ. P. 56(b), stating that "a party may file a motion for summary judgment at any time...."   The issues involved are primarily legal, and not factual ones.  Consistent with Fed. R. Civ. P. 56(d), however, if any party believes that it cannot respond to the motion without further discovery (each party has had the opportunity to take discovery but has not), it should file a Fed. R. Civ. P. 56(d) affidavit.  This Court should not, however, further postpone briefing and consideration of OMS' properly-brought motion.

Should any party believe that there must be discovery, the discovery deadline should be Friday, September 18, 2015 (90 days from the conference) and final dispositive motions deadline be Friday, October 9, 2015.

2.    *Utility of Appointing "Lead Counsel" for Administrative Purposes:* OMS does not believe that lead counsel appointment would be useful for its separate case.

3.    *Other Issues:*

No Further Delay for "Settlement Conference" from which OMS Has Been Excluded:  OMS' action (and others) has been delayed pending "settlement discussions" only between ING, OW-US and NuStar – in the OW-US bankruptcy.  OMW asked to participate in these discussions (only because, they had been tied by OW-US' request to the pace of OMS' case here; OMS does not believe the discussions otherwise affect  OMS' claims), but OW-US and ING expressly excluded OMS from the discussions.  OMS case cannot be further delayed by "settlement discussions" having no bearing on its case and from which it is excluded.

Shipowners' Discharge from the Interpleader Litigation:  OMS strongly agrees, however, that Hapag-Lloyd here (and the other shipowners in the other interpleader litigations) should be discharged from this interpleader case.  Hapag-Lloyd has no real interest here, except, to pay for bunkers which it admittedly has not paid – and – to have a declaration from this or another court that its vessels do not have to face multiple obligations for a single fuel supply.  But, there is no continued reason for continued substantive involvement of Hapag-Lloyd (or other shipowners) in these cases.

Hon. Valerie E. Caproni
June 16, 2015
Page 8

### (3) US Oil Trading LLC ("USOT") and Chemoil Latin America Inc. ("Chemoil")

    1.    *Proposed Deadlines for Discovery and Dispositive Motions*: USOT and Chemoil respectfully propose that the Court set the deadline for discovery as ninety (90) days from the date all parties are joined in *Hapag-Lloyd Aktiengesellschaft v. U.S. Oil Trading LLC, et al.,* U.S.D.C., S.D.N.Y., Case No. 14 Civ. 9949 (VEC), and *Chemoil Latin America, Inc. v. M/V BIRCH 6*, U.S.D.C., S.D.N.Y., Case No. 15 Civ. 0880 (VEC), respectively. USOT and Chemoil respectfully propose the deadline for dispositive motions be no later than thirty (30) days after the close of all discovery.

    2.    *Utility of Appointing "Lead Counsel" for Administrative Purposes:* USOT and Chemoil consider that there is no utility to appointing "Lead Counsel" for administrative purposes for the fuel suppliers since the factual and legal issues differ from case to case.

    3.    *Other Issues:* USOT and Chemoil do not consider that any additional issues would benefit from joint discussion and resolution.

    4.    USOT and Chemoil specifically reserve all rights, claims and defenses (including but not limited to lack of personal jurisdiction, subject matter jurisdiction, improper service of process and venue).

### (4) Chevron Marine Products LLC

    1.    *Proposed Deadlines for Discovery and Dispositive Motions*: Chevron proposes that the Court set the deadline for discovery ninety (90) days from the date all parties are joined in the *Canpotex Shipping Services Limited v. O.W. Bunkers (UK) Limited, et al.* case, U.S.D.C., S.D.N.Y., Case No. 15 Civ. 1351 (VEC) and set the deadline for dispositive motions thirty (30) days from the close of discovery. Chevron expressly reserves all rights, claims and defenses (including but not limited to lack of personal jurisdiction, subject matter jurisdiction, improper service of process and venue).

    2.    *Utility of Appointing "Lead Counsel" for Administrative Purposes:* Chevron opposes the appointment of "Lead Counsel" for administrative purposes for the fuel suppliers since the factual and legal issues differ from case to case.

    3.    *Other Issues:* None at the present time.

*      *      *      *

Hon. Valerie E. Caproni
June 16, 2015
Page 9

       In response to a number of requests, the parties to these related actions specifically reserve all rights, claims and defenses, without limitation.  The undersigned counsel stand ready to address any questions the Court should have concerning this joint submission.


                        Respectfully submitted,

                         s/Bruce G. Paulsen

                        Bruce G. Paulsen



              [*Parties' Signature Blocks Follow*]

Hon. Valerie E. Caproni
June 16, 2015
Page 10

BURKE & PARSONS

By:   s/William F. Dougherty_____
William F. Dougherty
Keith W. Heard
Michael J. Walsh
100 Park Avenue
New York, NY 10017
Tel: (212) 354-3800
Fax: (212) 221-1432
Email: dougherty@burkeparsons.com
        heard@burkeparsons.com
        walsh@burkeparsons.com
*Attorneys for 1372 Tanker Corporation,*
*OSG Ship Management, Inc., SK Shipping*
*Co., Ltd., and SK B&T Pte. Ltd.*

CHALOS & CO, P.C.

By:__s/George M. Chalos_____
George M. Chalos
Kerri M. D'Ambrosio
55 Hamilton Avenue
Oyster Bay, NY 11771
Tel: (516) 714-4300
Fax: (516) 750-9051
Email: gmc@chaloslaw.com
        kdambrosio@chaloslaw.com
*Attorneys for Exmar Shipping BVBA*

FREEHILL HOGAN & MAHAR LLP

By:   s/ Michael Fernandez_____
Michael Fernandez
Peter J. Gutowski
Gina M. Venezia
James L. Ross
80 Pine Street
New York, NY 10005
Tel: (212) 425-1900
Fax: (212) 425-1901
Email: fernandez@freehill.com
        gutowski@freehill.com
        venezia@freehill.com
        ross@freehill.com
*Attorneys for Canpotex Shipping Services*
*Ltd., COSCO Piraeus Maritime, Ltd., and*
*Hapag-Lloyd Aktiengesellschaft*

HOLLAND & KNIGHT LLP

By:     s/ James H. Hohenstein_____
James H. Hohenstein
James H. Power
Marie E. Larsen
31 West 52nd Street
New York, NY 10019
Tel: (212) 513-3200
Fax: (212) 385-9010
Email: jim.hohenstein@hklaw.com
        james.power@hklaw.com
        marie.larsen@hklaw.com
*Attorneys for APL Co. Pte Ltd., American*
*President Lines, Ltd., Baere Maritime LLC,*
*Birch Shipping Ltd., Bonny Gas Transport*
*Limited, Cabu VI Investments, Inc., Cabu*
*Chartering AS, Clearlake Shipping Pte Ltd.,*
*Conti 149 Conti Guinea, MT Cape Bird*
*Tankschiffahrts GmbH & Co KG, Nippon*
*Kaisha Line Limited, NYK Bulk & Project*
*Carrier Ltd, Sigma Tankers Inc, Star*
*Tankers Inc, and UPT Pool Ltd.*

Hon. Valerie E. Caproni
June 16, 2015
Page 11

REED SMITH LLP

By:_s/ Andrea Pincus_____
Andrea Pincus
Oliver Beiersdorf
Sarah Kam
599 Lexington Avenue
New York, NY 10022
Tel: (212) 521-5400
Fax: (212) 521-5450
Email: apincus@reedsmith.com
*Attorneys for SHV Gas Supply & Risk
Management SAS, Kawasaki Kisen Kaisha,
LTD and Catalina Shipping SA*

SHEPPARD MULLIN RICHTER &
HAMPTON LLP

By:_____s/Edward H. Tillinghast, III_____
        Edward H. Tillinghast, III
        Thomas M. Monahan
    30 Rockefeller Plaza
    New York, New York  10112
    Tel.:  (212) 653-8700
    Fax:  (212) 653-8701

    Charles Donovan (*admitted pro hac vice*)
    Four Embarcadero Center, 17th Floor
    San Francisco, California 94111
    Tel.: (415) 434-9100
    *Attorneys for MSC Mediterranean
    Shipping Company S.A.*

CLYDE & CO US LLP

By:__s/ John R. Keough_____
John R. Keough
Casey D. Burlage
Corey R. Greenwald
George C. Cornell
The Chrysler Building
405 Lexington Avenue, 16th Floor
New York, NY 10174
Tel: (212) 710-3900
Fax: (212) 710-3950
Email: john.keough@clydeco.us
       casey.burlage@clydeco.us
       corey.greenwald@clydeco.us
       george.cornell@clydeco.us
*Attorneys for U.S. Oil Trading LLC and
Chemoil Latin America, Inc.*

MONTGOMERY MCCRACKEN
WALKER & RHOADS LLP

By:_s/Robert E. O'Connor_____
Vincent M. DeOrchis
Davis Lee Wright
Robert E. O'Connor
Kaspar Kielland
437 Madison Avenue
New York, NY 10022
Tel: (212) 201-1931
Fax: (212) 201-1939
Email:   vdeorchis@mmwr.com
         dwright@mmwr.com
         roconnor@mmwr.com
         kkielland@mmwr.com
*Attorneys for Defendants O.W. Bunker USA
Inc., O.W. Bunker Holding North America
Inc., and O.W. Bunker North America Inc.*

Hon. Valerie E. Caproni
June 16, 2015
Page 12

McDERMOTT WILL & EMERY LLP

By:____s/Timothy W. Walsh_____
Timothy W. Walsh
Darren Azman
340 Madison Avenue
New York, New York 10173
Telephone: (212) 547-5400
Facsimile: (212) 547-5444


-and-

HILL RIVKINS LLP
Anthony J. Pruzinsky
Justin M. Heilig
45 Broadway, Suite 1500
New York, New York 10006
Telephone: (212) 669-0600
Facsimile: (212) 669-0698

*Attorneys for O.W. Bunker Germany GmbH*


BLANK ROME LLP

By: s/Thomas H. Belknap Jr.
Thomas H. Belknap Jr.
The Chrysler Building
405 Lexington Avenue
New York, NY 10174-0208
TBelknap@BlankRome.com
*Attorneys for NuStar Energy Services, L.P.*


SIMMS SHOWERS LLP

By: s/J. Stephen Simms_____
J. Stephen Simms
201 International Circle
Baltimore, Maryland 21030
(410) 783-5795
jssimms@simmsshowers.com
*Counsel for O'Rourke Marine Services*

MOUND COTTON WOLLAN &
GREENGRASS, LLP


By:___s/Francis A. Montbach_____
Francis A. Montbach
Sara N. Lewis
One New York Plaza
New York, NY   10004
Tel:   (212) 804-4200
Fax:   (212) 344-8066
Email:  fmontbach@moundcotton.com
            slewis@moundcotton.com

*Attorneys for Harley Marine Services, Inc.
Harley Marine NY Inc., and Westoil
Marine Services*


THOMPSON & KNIGHT LLP

By: s/Jennifer A. Christian

Jennifer A. Christian
THOMPSON & KNIGHT LLP
900 Third Avenue, 20th Floor
New York, NY 10022-4728
Telephone:  (212) 751-3001
Facsimile:  (212) 751-3113

*Attorneys for Chevron Marine Products
LLC*

SK 28644 0001 6662391

Schedule 1
O.W. Bunker-Related Interpleader Matters

1. *UPT Pool Ltd. v. Dynamic Oil Trading (Singapore) Pte Ltd., et al.*
   U.S.D.C., S.D.N.Y., Case No. 14 Civ 9262 (VEC)

2. *Birch Shipping Ltd. v. O.W. Bunker China Ltd. (HK), et al.*
   U.S.D.C., S.D.N.Y., Case No. 14 Civ 9282 (VEC)

3. *Clearlake Shipping Pte. Ltd. v. O.W. Bunker (Switzerland) SA, et al.*
   U.S.D.C., S.D.N.Y., Case No. 14 Civ 9286 (VEC)

4. *Clearlake Shipping Pte Ltd v. O.W. Bunker (Switzerland) SA, et al.*
   U.S.D.C., S.D.N.Y., Case No. 14 Civ 9287 (VEC)

5. *Bonny Gas Transport Limited v. O.W. Bunker Germany GmbH, et al.*
   U.S.D.C., S.D.N.Y., Case No. 14 Civ 9542 (VEC)

6. *MT Cape Bird Tankschiffahrts GmbH & Co. KG, v. O.W. USA Inc., et al.*
   U.S.D.C., S.D.N.Y., Case No. 14 Civ 9646 (VEC)

7. *SHV Gas Supply & Risk Management SAS v. O.W. Bunker USA Inc., et al.*
   U.S.D.C., S.D.N.Y., Case No. 14 Civ 9720 (VEC)

8. *Hapag-Lloyd Aktiengesellschaft v. U.S. Oil Trading LLC, et al.*
   U.S.D.C., S.D.N.Y., Case No. 14 Civ 9949 (VEC)

9. *OSG Ship Management, Inc. v. O.W. Bunker USA Inc., et al.*
   U.S.D.C., S.D.N.Y., Case No. 14 Civ 9973 (VEC)

10. *Hapag-Lloyd Aktiengesellschaft v. O'Rourke Marine Service L.P., et al.*
    U.S.D.C., S.D.N.Y., Case No. 14 Civ 10027 (VEC)

11. *Conti 149 Conti Guinea v. O.W. Bunker Panama S.A., et al.*
    U.S.D.C., S.D.N.Y., Case No. 14 Civ 10089 (VEC)

12. *NYK Bulk & Project Carrier Ltd v. O.W. Bunker USA Inc., et al.*
    U.S.D.C., S.D.N.Y., Case No. 14 Civ 10090 (VEC)

13. *Nippon Kaisha Line Limited v. O.W. Bunker USA Inc., et al.*
    U.S.D.C., S.D.N.Y., Case No. 14 Civ 10091 (VEC)

14. *Hapag-Lloyd Aktiengesellschaft v. O.W. Bunker North America, Inc., et al.*
    U.S.D.C., S.D.N.Y., Case No. 15 Civ 190 (VEC)

15. *APL Co. Pte Ltd v. O.W. Bunker Far East (Singapore) Pte Ltd., et al.*

U.S.D.C., S.D.N.Y., Case No. 15 Civ. 620 (VEC)

16. *Canpotex Shipping Services Limited v. O.W. Bunkers (UK) Limited, et al.*
U.S.D.C., S.D.N.Y., Case No. 15 Civ. 1351 (VEC)

17. *Star Tankers Inc. v. O.W. Bunker Panama S.A., et al.*
U.S.D.C., S.D.N.Y., Case No. 15 Civ. 2090 (VEC)

18. *SK Shipping Co., Ltd. v. NuStar Energy Services, Inc., et al.*
U.S.D.C., S.D.N.Y., Case No. 15 Civ. 2141 (VEC)

19. *Baere Maritime LLC v. O.W. Bunker Panama S.A., et al.*
U.S.D.C., S.D.N.Y., Case No. 15 Civ. 2734 (VEC)

20. *Sigma Tankers Inc v. O.W. Bunker Panama S.A., et al.*
U.S.D.C., S.D.N.Y., Case No. 15 Civ. 2733 (VEC)

21. *MSC Mediterranean Shipping Company S.A. v. O.W. Bunker North America Inc., et al.*
U.S.D.C., S.D.N.Y., Case No. 15 Civ. 3221 (VEC)

22. *O.W. Bunker USA Inc. v. COSCO PIRAEUS, I.M.O. No. 9484364*
U.S.D.C., S.D.N.Y., Case No. 15 Civ. 3471 (VEC)

23. *O.W. Bunker USA Inc. v. M/V BAKKEDAL, in rem*
U.S.D.C., S.D.N.Y., Case No. 15 Civ. 3988 (VEC)

24. *Kawasaki Kisen Kaisha, Ltd. v. OW Bunker Middle East DMCC, et al.*
U.S.D.C., S.D.N.Y., Case No. 15 Civ. 4138 (VEC)